UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DOMINIQUE WESLEY

          Plaintiff,

          -against-

CITY OF NEW YORK,
POLICE OFFICER SGT. DELGADO, SHIELD #5528,
and POLICE OFFICER LOPEZ, SHIELD #12047,

          Defendants.
------------------------------------------------------------------X

**COMPLAINT**

Docket No. _____

13 CV 4306

JUDGE COTE

## INTRODUCTION

1. This is an action to recover money damages for general, special and punitive damages, including damages for personal injuries, pain and suffering, mental anguish, shame, humiliation, and injury to reputation suffered by Plaintiff, Dominique Wesley, as a result of the willful, wanton, malicious, reckless, careless and negligent conduct of Defendant, City of New York, and its agents, servants and/or employees, including, jointly and individually, Defendants Police Officers Sgt. Delgado, Shield #5528, and Police Office Lopez, Shield #112047, in violation of plaintiff's constitutional and civil rights under the Fourth and Fourteenth Amendments of the United States Constitution, under USCA §§ 1983, et seq., and for false arrest, false imprisonment, failure to supervise and trespass and under the laws of the State of New York.

2. Upon information and belief, the Plaintiff allege the following:

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 42 U.S.C. 1981 and 28

U.S.C. §§ 1343 and 1367.

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 (b), in that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Southern District of New York.

## THE PARTIES

### Plaintiffs

5. Plaintiff, Dominique Wesley, was a resident of the County of New York, City and State of New York.

6. Plaintiff, Dominique Wesley, was born in 1994.

### Defendants

7. Defendant City of New York ("Defendant") was and still is a municipal corporation duly authorized and existing under and by virtue of the laws of the State of New York.

8. At all relevant times herein, Defendant maintained a police force entitled the New York City Police Department (the "NYPD").

9. Upon information and belief, and at all relevant times herein, Defendant and the NYPD employed the two police officer defendants, Police Officer Sgt. Delgado, Shield #5528 ("Sgt. Delgado"), and Police Officer Lopez, Shield #12047 ("P.O. Lopez").

10. Upon information and belief, and at all relevant times herein, both police officers were acting within the course and scope of their employment with Defendant and the NYPD.

## NOTICE OF CLAIM

11. On May 18, 2012, prior to the commencement of this action, and within the time prescribed by New York State law, a sworn Notice of Claim, stating, among other things, the time and place where plaintiff suffered damages, together with plaintiff's demand for adjustment thereof, was duly served upon the Defendant, City of New York. Thereafter, Defendant has refused or neglected for more than thirty days, and up to the commencement of this action, to make any adjustment or payment thereof. Thereafter, plaintiff commenced this action within the time provided by New York State law.

12. On July 16, 2012, Defendant conducted statutory hearings pursuant to section 50-h of the General Municipal Law of the State of New York at the office of an attorney for Defendant.

13. Plaintiff has complied with all conditions precedent under the laws of the State of New York to bring this action, including the filing of a notice of claim. Plaintiff has commenced this action within one year and ninety days after accrual of this cause of action, or within the time allowed by law.

## FACTUAL BACKGROUND

14. On March 24, 2012, plaintiff was lawfully present in an apartment building in the Bronx, New York (the "building") in which her friend resided.

15. Shortly after 9:00 p.m., on March 24, 2012, the police officers forcibly gained entry into the same building, as plaintiff and her friends were exiting from it.

16. The police officers forced plaintiff and her friends to remain in the lobby of the building and ordered them to put their backs on the wall.

17. While demanding and examining identifying documents of plaintiff and her friends, Sgt. Delgado punched plaintiff repeatedly in the face, and kicked her several times once she fell to the floor. P.O. Lopez thrust her knees into plaintiff's back while plaintiff was on the floor. Plaintiff was dragged across the floor and then handcuffed. The defendant police officers lifted plaintiff off the ground, threw her into the back of a police car, and shouted profanities at her.

18. Upon arriving at the 40th police precinct, the defendant police officers pulled plaintiff out of the back seat, and dropped her to the concrete curb, where plaintiff's left cheek and torso hit the ground. Upon being taken into the 40th precinct, plaintiff's left wrist was bleeding from the pressure of tightened handcuffs. Prior to being searched at the 40th precinct, but while still handcuffed, plaintiff was dragged into a bathroom by two different male police officers, who dropped her on the floor on her back.

19. Plaintiff was held in a cell at the 40th police precinct overnight and into the following day, March 25, 2012. She was released from police custody at approximately 10:40 a.m., without ever being taken to Bronx Central Booking, and without ever being charged with a crime. Upon her release, plaintiff went directly to Mount Sinai Hospital, where she was examined, treated and released the same day.

20. The defendant police officers acted without consent or privilege to arrest, confine and detain plaintiff.

21. The defendant police officers acted individually and in concert.

COUNT ONE
(42 U.S.C. §1983, et. seq.)

22.     Plaintiff repeats, reiterates and realleges each and every allegation set forth above in paragraphs 1 through 21, inclusive, with the same force and effect as if more fully set forth herein.

23.     Acting in violation of 42 U.S.C. §1983, et. seq., defendants deprived plaintiff of her constitutional and civil rights secured under the Fourth Amendment of the United States Constitution, including plaintiff's right to be free from unreasonable searches and detention.

24.     The aforesaid acts of defendants caused plaintiff to sustain damages, including discomfort, inconvenience, mental anguish, shame, humiliation, punishment, and injury to her reputation, all of which could have been avoided by the exercise of due and reasonable care on the part of defendants.

25.     By reason of the foregoing, plaintiff has sustained damages for past and future pain and suffering and mental anguish, and past and future special damages.

26.     Pursuant to 42 U.S.C. §1988(b), plaintiff is entitled to a reasonable allowance for attorneys' fees as part of their costs.

COUNT TWO
(42 U.S.C. §1983, et. seq.)

27.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 26, inclusive, with the same force and effect as if more fully set forth herein.

28.     Acting in violation of 42 U.S.C. §1983, et. seq., defendants deprived plaintiff of her constitutional and civil rights secured under the Fourth and Fourteenth Amendments of the United States Constitution, including plaintiff's right to be free from excessive force.

29. The aforesaid acts of defendants caused plaintiff to sustain damages, including discomfort, inconvenience, mental anguish, shame, humiliation, punishment, and injury to her reputation, all of which could have been avoided by the exercise of due and reasonable care on the part of defendants.

30. By reason of the foregoing, plaintiff has sustained damages for past and future pain and suffering and mental anguish, and past and future special damages.

31. Pursuant to 42 U.S.C. §1988(b), plaintiff is entitled to a reasonable allowance for attorneys' fees as part of their costs.

## COUNT THREE
(False Arrest and False Imprisonment)

32. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 31, inclusive, with the same force and effect as if more fully set forth herein.

33. Defendants falsely arrested and falsely imprisoned plaintiff without plaintiff's consent or privilege to do so.

34. The aforesaid acts of defendants caused plaintiff to consciously sustain mental anguish, shame, humiliation, punishment, injury to her reputation and other damages, all of which could have been avoided by the exercise of due and reasonable care on the part of defendants.

35. By reason of the foregoing, plaintiff has sustained damages for past and future pain and suffering and mental anguish, and past and future special damages.

## COUNT FOUR
(Negligent Supervision)

36.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 35, inclusive, with the same force and effect as if more fully set forth herein.

37.    Defendant City of New York was negligent in hiring, training and supervising Sgt. Delgado and P.O. Lopez, who were careless, negligent and unskillful, and who did not possess the requisite knowledge, skill, character and competence to discharge their duties as members of the NYPD.

38.    By reason of the aforesaid negligent and careless conduct, plaintiff sustained mental anguish, shame, humiliation, punishment, injury to her reputation and other damages, all of which could have been avoided by the exercise of due and reasonable care on the part of defendants.

39.    By reason of the foregoing, plaintiff has sustained damages for past and future pain and suffering and mental anguish, and past and future special damages.

## COUNT FIVE
(Trespass)

40.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 39, inclusive, with the same force and effect as if more fully set forth herein.

41.    Defendants committed a trespass of the building without justification or the permission of its residents or plaintiff, a lawful guest.

42.    The aforesaid acts of defendants caused plaintiff to sustain damages, including discomfort, inconvenience, mental anguish, shame, humiliation, punishment and injury to her

reputation, all of which could have been avoided by the exercise of due and reasonable care on the part of defendants.

43.    By reason of the foregoing, plaintiff has sustained damages for past and future pain and suffering and mental anguish, and past and future special damages.

WHEREFORE, Plaintiff, Dominique Wesley, demands judgment against Defendants, City of New York, and Sgt. Delgado and P.O. Lopez as more fully set forth above, in the First, Second, Third, Fourth and Fifth Causes of Action, in such an amount of compensatory damages as a jury may award, and the for the costs of this action.

## JURY DEMAND

Plaintiff, Dominique Wesley, hereby demands a trial by jury of all issues set forth above.

Dated:  White Plains, New York
        June 20, 2013

                              ALEGRIA & BAROVICK LLP

                        By:   _____
                              Andrew J. Barovick, Esq.
                              Attorneys for Plaintiffs
                              245 Main Street, Suite 410
                              White Plains, NY 10601
                              Office: (914) 761-1133